IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARDSHARK, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>AUGUST HAT COMPANY, INC. and HEX HOLDINGS, LLC,<br><br>  Defendants. | Case No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF CARDSHARK, LLC'S
COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

Plaintiff Cardshark, LLC ("Cardshark" or "Plaintiff") by and for its Complaint against Defendants August Hat Company, Inc. and HEX Holdings, LLC (collectively "HEX" or "Defendants") hereby alleges as follows:

**NATURE OF THE CASE**

1. This is an action for patent infringement arising under the patent laws of the United States. Plaintiff holds the rights in U.S. Patent No. 8,381,904 ("the 904 patent"). The United States patent laws grant the holder of a patent the right to exclude infringers from making, using, selling or importing the invention claimed in a patent, and to recover damages for the infringer's violations of these rights, and to recover treble damages where the infringer willingly infringed the patent. Under 35 U.S.C. § 282(a), the '904 Patent is entitled to a presumption of validity. Plaintiff is suing Defendants for infringing its patent, and doing so willfully. Plaintiff seeks to recover damages from Defendants, including treble damages for willful infringement.

## THE PARTIES

2.  Cardshark, LLC is a company, organized and existing under the laws of the State of New York, with a principal place of business at 75 North Central Avenue, Elmsford, New York 10523.

3.  Upon information and belief, Defendant August Hat Company, Inc. is a California corporation and Defendant HEX Holdings, LLC is a Delaware corporation, both with a principal place of business at 3051 Sturgis Road, Oxnard, California 93030.

## JURISDICTION

4.  This is an action for patent infringement arising under the patent laws of the United States of America, more specifically under 35 U.S.C. § 100, *et seq*. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

5.  The Court has personal jurisdiction over Defendants because Defendants, among other things, conducts business in, and avails itself of the laws of, the State of New York. In addition, upon information and belief, Defendants through their own acts and/or through the acts of its affiliated companies (acting as its agents, retailers or alter egos) makes, uses, offers to sell, sells (directly or through intermediaries), imports, licenses and/or supplies, in this District and elsewhere in the United States, products, through regular distribution channels, knowing such products would be used, offered for sale and/or sold in this District. Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of New York and in this District.

6.  Upon information and belief, Defendants directly or through its subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets and, at all relevant times has made, used, offered for sale, sold, imported, advertised and

made available and/or marketed products within the Southern District of New York, through its www.shophex.com website, thereby infringing the '904 patent.

## VENUE

7. Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b).

8. Upon information and belief, Defendants reside in this District for the purposes of venue, insofar as it is subject to the personal jurisdiction in this District, has committed acts of infringement in this District, solicits business in this District, and conducts other business in this District.

## INFRINGEMENT OF U.S. PATENT NO. 8,381,904

9. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

10. On February 26, 2013, the '904 patent, entitled "Protective Covering For Personal Electronic Device," was duly and lawfully issued based upon an application filed by the inventor, Kip Azzoni (formerly known as "Kip Longinotti-Buitoni"). A true and correct copy of the '904 Patent is attached hereto as Exhibit 1.

11. Plaintiff is the assignee and the owner of all right, title and interest in and to the '904 patent, and has the right to sue and recover damages for infringement thereof.

12. Upon information and belief, Defendants have engaged in the design, manufacture, marketing, offer for sale and sale of one or more HEX-branded phone cases, including but not limited to the Moroccan Red Leather Solo Wallet For Iphone 6S, Moroccan Red Leather Solo Wallet For Iphone 6S Plus, Vintage Teal Leather Solo Wallet for Iphone 6S, Vintage Teal Leather Solo Wallet for Iphone 6S Plus, Stingray Leather Solo Wallet for Iphone

6S, Stingray Leather Solo Wallet for Iphone 6S Plus, Black Leather Solo Wallet for Iphone 6S, Black Leather Solo Wallet for Iphone 6S Plus, Brown Woven Leather Solo Wallet for Iphone 6S, Brown Woven Leather Solo Wallet for Iphone 6S Plus, Camo Solo Wallet for Iphone SE, Torino Red Leather Solo Wallet for Iphone SE, Torino Black Leather Solo Wallet for Iphone SE, Solo Wallet for Iphone 4/4S (collectively the "'904 Accused Products").

13. Upon information and belief, Defendants have been and continue to be engaged in making, using, importing, selling and/or offering for sale infringing products, including, but not limited to, the '904 Accused Products in the United States generally, and in the Southern District of New York specifically. The Accused Products are available for retail purchase through the www.shophex.com website.

14. Upon information and belief, by acts including, but not limited to use, making, importation, offers to sell, sales and marketing of products that fall within the scope of at least claim 1 of the '904 patent, Defendants have directly infringed literally and/or upon information and belief, equivalently, and is continuing to infringe the '904 patent and is thus liable to Plaintiff pursuant to 35 U.S.C. § 271.

15. Defendants have indirectly infringed and continues to infringe at least claim 1 of the '904 patent by inducement under 35 U.S.C. 271(b). Defendants have induced and continues to induce users, retailers and dealers of the '904 Accused Products to directly infringe at least claim 1 of the '904 patent.

16. Upon information and belief, Defendants knowingly induced users, retailers and dealers to market, sell, and/or use the Accused Products, including, for example, by promoting such products online (e.g., www.shophex.com).

17. Defendants' infringement of the '904 patent is without consent of, authority of, or license from Plaintiff.

18. Upon information and belief, Defendants' infringement of the '904 patent is willful based at least on the following:  On November 28, 2012, a representative of Cardshark had a telephone communication with a representative of Defendants, Dan Maravilla, wherein Cardshark's representative disclosed the parent patent of the '904 Patent (U.S. Patent No. 8,047,364) and that the patent that eventually issued as the '904 Patent was pending and may potentially cover Defendants' products.

19. As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court enter judgment as follows:

A. That the '904 patent is valid and enforceable;

B. That Defendants have directly and indirectly infringed at least claim 1 of the '904 patent;

C. That such infringement is willful;

D. That Defendants account for and pay to Plaintiff all damages pursuant to 35 U.S.C. § 284 to adequately compensate Plaintiff for Defendants' infringement of the '904 patent, but in no event less than a reasonable royalty for the use made by Defendants of the invention set forth in the '904 patent;

E. That Plaintiff receives enhanced damages, in the form of treble damages, pursuant to 35 U.S.C. § 284;

F. That this is an exceptional case under 35 U.S.C. § 285;

G. That Defendants pay Plaintiff all of Plaintiff's reasonable attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

H. That Plaintiff be granted pre-judgment and post-judgment interest in accordance with 35 U.S.C. § 284 on the damages caused to it by reason of Defendants' infringement of the '904 patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

I. That costs be awarded in accordance with 35 U.S.C. § 284 to Plaintiff; and

J. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in this action.

Dated: June 8, 2016

Zachary Silbersher (ZS4391)
*zsilbersher@kskiplaw.com*
Gaston Kroub (GK6970)
*gkroub@kskiplaw.com*
Sergey Kolmykov (SK7790)
*skolmykov@kskiplaw.com*
KROUB, SILBERSHER & KOLMYKOV PLLC

305 Broadway, 7th Floor
New York, NY 10007
Telephone No.: (212) 323-7442

*ATTORNEYS FOR PLAINTIFF*
*CARDSHARK, LLC*